# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YOLANDA STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. CIV-19-00102-PRW |
| | ) | |
| WINSTON HOSPITALITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Winston Hospitality, Inc. removed this case from state court on March 28, 2019 (Dkt. 2), more than one year after the date this action was commenced, February 23, 2018.[1] The Notice of Removal (Dkt. 2) argues that an exception to the 1-year deadline set forth in 28 U.S.C. § 1446(c)(1) applies because a recently dismissed diversity-spoiling defendant, Southern Marketing Group, Inc., had been sued in bad faith.[2]

Plaintiff Yolanda Stevens now seeks remand, arguing that the exception to the 1-year deadline does not apply because she sued Southern based on her good-faith belief that Southern's vending machine may have been the source of the liquid on which she claims to have slipped.[3] Plaintiff also points to discovery she conducted on Southern as proof that Southern wasn't a sham defendant, but rather a defendant on whom she conducted discovery and dismissed only after

---

[1] 28 U.S.C. 1446(c)(1).

[2] Notice of Removal (Dkt. 2) ¶¶ 7–9, at 3–4.

[3] Pl.'s Obj. to Removal & Mot. to Remand (Dkt. 4) at 5.

1

Southern filed a motion for summary judgment that convinced Plaintiff that Southern should be dismissed.[4]

"The 'bad faith' exception to § 1446(c)(1)'s one-year removal limitation is of relatively recent vintage,"[5] and the Tenth Circuit has yet to provide guidance on its application. A case cited by Plaintiff, however—*Aguayo v. AMCO Insurance Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014)—proposes a two-step analysis that has gained acceptance in the circuit and beyond.[6] *Aguayo*'s two-step analysis proposes a burden-shifting framework:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—*e.g.*, electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.[7]

Plaintiff here has established that it actively litigated its case against Southern. As Plaintiff points out, Winston's own incident report identified a blue liquid on the floor at the scene of her

---

[4] Pl.'s Reply in Support of Mot. to Remand (Dkt. 7) at 3–4.

[5] *Holman v. Coventry Health & Life Ins. Co.*, No. 5:17-cv-00886-HE, 2017 WL 5514177, at *2 (W.D. Okla. Nov. 17, 2017). It became effective on January 6, 2012. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105(a), 125 Stat. 758, 762.

[6] *Rowan v. State Farm Fire & Cas. Co.*, No. 5:19-cv-00205-PRW, 2019 WL 4166697, at *5 & n.34 (W.D. Okla. Sept. 3, 2019) (applying *Aguayo*'s two-step analysis and collecting other cases that have done the same).

[7] *Aguayo*, 59 F. Supp. 3d at 1262-63.

slip and fall, and it was that fact that caused her to suspect that the source of the liquid may have been Southern's vending machine—which Plaintiff describes as a "reasonable inference that Winston never disputed."[8] Moreover, after Plaintiff received Southern's answer to its complaint, she served a first round of discovery on Southern, and then another round of more targeted discovery based on Southern's initial responses. This litigation history is enough to create a rebuttable presumption of good faith.

Defendant Winston has not produced sufficient evidence to overcome this presumption of good faith. Winston points to the timing of the dismissal, that Plaintiff "never took a deposition. She never made a demand. She never negotiated a settlement. She voluntarily dismissed Southern without any recovery."[9] Moreover, argues Winston, "there was never a possibility that Stevens would recover against Southern" because she had no viable cause of action under Oklahoma law.[10] None of this, however, is "a smoking gun or close to it. The suspicious timing of a dismissal, a drop in a settlement offer to the removal spoiler after the one-year mark, or an ambiguous comment about how the plaintiff plans to drop the removal spoiler before trial, will not suffice."[11] As Plaintiff points out, the timing of the dismissal was prompted by Southern's filing of a motion for summary judgment, and while she didn't take any depositions of Southern or negotiate settlement with Southern, she hasn't taken any depositions of Winston or negotiated with it either. So those facts prove nothing. Plaintiff also disputes that recovery was a legal impossibility because even if a premises liability claim was not available, Southern might still have been liable for negligent

---

[8] Pl.'s Reply in Support of Mot. to Remand (Dkt. 7) at 3-4.

[9] Resp. to Mot. to Remand (Dkt. 5) at 3.

[10] *Id.*

[11] *Aguayo*, 59 F. Supp. 3d at 1277 (footnote omitted).

maintenance of its vending machines.[12] Winston "must present strong, relatively compelling evidence, direct or circumstantial, of the plaintiff's subjective intent in order to rebut the presumption of good faith,"[13] but none of Winston's speculations come close to meeting this standard. As such, the removal was untimely and remand is appropriate.

Plaintiff asks for its attorney fees and costs incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[14] While an award of fees is within the discretion of the Court,[15] "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[16] Upon consideration of all the facts and circumstances of this removal, the Court concludes that an award of attorney fees and costs to Plaintiff is not justified.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. 4). This case is **REMANDED** to the District Court of Love County, State of Oklahoma. The Plaintiff's request for costs and expenses is **DENIED.**

**IT IS SO ORDERED THIS 18th day of March, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] Pl.'s Reply in Support of Mot. to Remand (Dkt. 7) at 4 n.1.

[13] *Holman*, 2017 WL 5514177, at *2.

[14] 28 U.S.C. § 1447(c) (2012).

[15] *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005).

[16] 546 U.S. at 141.